TAUFAASAU of Pago Pago, Plaintiff

v.

SOLOI of Pago Pago, Defendant

No. 10-1939

High Court of American Samoa

Civil Jurisdiction, Trial Division

[Matai name: "Pulu" of Pago Pago]

June 17, 1940

A. A. MORROW, *Chief Justice;* PULETU, *District Judge;* and MULI, *District Judge.*

Heard at Fagatogo on June 4, 1940.
Counsel for Soloi, Falealili and Afasa; Taufaasau pro se.

DECISION

MORROW, *Chief Justice.*

This case involves the right to the matai name Pulu of Pago Pago. The record shows that Soloi filed an applica-

98

tion to be registered as the Pulu on October 23, 1939 and that an objection to such proposed registration was filed in behalf of Taufaasau on November 20, 1939, the latter becoming a candidate for the name.

■ Formerly the law was to the effect that the High Court in the decision of a case involving the right to a matai name should award the name to the candidate with the better hereditary right.

The law was changed in 1937 pursuant to a resolution of the Fono for that year. The present law, embodied in Sec. 79(4A) of the Codification of the Regulations and Orders for the Government of American Samoa, reads as follows:

"In the trial of Matai name cases, the High Court shall be guided by the following in the priority listed:

1. The wish of the majority of the family.

2. The forcefulness, character, personality, and leadership of the candidate.

3. The best hereditary right in which the male and female descendants shall be equal in the family where this has been customary, otherwise, the male descendant shall prevail.

4. The value of the holder of the matai name to the Government of American Samoa."

There was filed in behalf of each candidate a petition purporting to be signed by various members of the Pulu family supporting his candidacy. These petitions were received in evidence on the issue of the wish of the majority of the family. There were 115 names on the petition favoring Soloi while there were 132 on the petition for Taufaasau. Taufaasau made no objection to any of the names on Soloi's petition. On the last page of the petition for Taufaasau there were 18 purported signatures. Taufaasau himself admitted in his testimony that the said last page was, as he said, "not genuine" and added he "did not know where it came from." Mr. Griffith, Ass't. Cashier of the

Bank of American Samoa, after qualifying as an expert witness on handwriting testified that in his opinion the eighteen purported signatures on the said last page as well as the first six purported signatures of the next to the last page of Taufaasau's petition were all written by the same hand. Mr. Griffith also testified that in his opinion eight other signatures on the next to the last page were written by one hand. The entire court is convinced that Mr. Griffith's testimony is correct. It follows that thirty-two signatures on Taufaasau's petition cannot be counted. Excluding said thirty-two signatures it is apparent that a majority of the Pulu family wish Soloi to be the Pulu. Soloi, therefore, prevails over Taufaasau with respect to the first issue.

■ On the issue of "forcefulness, character, personality and leadership of the candidate" it appeared that Soloi is 59 years of age while Taufaasau is 27; that Soloi and Taufaasau each have plantations; that Soloi manufactures curios from which he has a monthly income of approximately $20.00 while Taufaasau is in the Fita Fita guard as an apprentice seaman with a salary of $23.00 per month; that Soloi occasionally sells a pig through which his income is increased. Soloi has served former Pulus. According to his own testimony Taufaasau has not, his service to matais having been limited to the Mauga and Sagaiga. The testimony was to the effect that Soloi attended school for ten years while Taufaasau reached the seventh grade.

Taufaasau has been in the Fita Fita guard for over eight years and attained the rating of a Seaman 2nd class. He was recently court-martialed for missing his ship in Apia and disrated to an apprentice seaman. It appeared that both candidates have kept their taxes paid and that neither has been convicted of a public offence in the civil courts. Soloi has had charge of the Pulu family lands since

the former holder of the name passed away. Each candidate has entertained guests.

In view of all of the testimony bearing on the "forcefulness, character, personality and leadership" of the respective candidates, we are of the opinion that Soloi prevails over Taufaasau on that issue. Soloi has lived many more years than has Taufaasau, and is a much more experienced man.

On the issue of "best hereditary right" it was undisputed that the father of Soloi was Pulu Tuivaiulu and that Pulu Saili was his grandfather. There were many other Pulus in his ancestry. Taufaasau is the grandson of a Pulu and the great great grandson of another Pulu. Soloi has one half Pulu blood in his veins while Taufaasau has one-fourth. It is apparent that Soloi prevails over Taufaasau on the issue of best hereditary right.

On the issue of the "value of the holder of the matai name to the Government of American Samoa" we think that Soloi also prevails over Taufaasau because we believe in view of all of the evidence that he is better qualified by character, personality, experience and capacity for leadership to manage the affairs of the Pulu family. The better a matai handles family affairs the more valuable he is to the Government. As before stated, it appears from the evidence that a majority of the family desire Soloi to be the matai. That very fact is evidence of the esteem in which he is held by the family and should make it easier for him to unify it and manage its affairs than for one who has only a minority of the family with him.

The undisputed evidence showed that Soloi meets the eligibility requirements of Sec. 81 of the Codification for the holding of a matai title.

The Attorney General will be advised to register Soloi as the Pulu. Costs in the sum of $25.00 are assessed against Taufaasau, the same to be paid in 60 days.